Argued February 8, affirmed May 2, 1962

BEERS *v.* CHAPMAN ET AL
370 P. 2d 941

*Leo Levenson,* Portland, argued the cause for appellant. On the brief was E. B. Sahlstrom, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondents Chapman and Mattice. On the brief were Calkins and Bryson, Eugene.

*Edward V. O'Reilly,* Eugene, argued the cause for respondent Packebush. On the brief were Thwing, Jaqua & O'Reilly, Eugene.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

McALLISTER, C. J.

This is an action brought under the Employer's Liability Act by plaintiff, Nellie M. Beers, as surviving spouse, to recover for the wrongful death of her husband who was killed on March 16, 1959 while engaged in loading a truck with logs. The defendants, by supplemental pleadings filed pursuant to ORS 656.324(3), alleged that the defendants and the decedent's employer were all subject to the Workmen's Compensation law and that plaintiff's sole remedy was under that law. The court found in favor of the defendants, and plaintiff appeals.

Plaintiff contends that the evidence was insufficient to prove, first, that the defendants were subject to the Workmen's Compensation law, and, second, that the premises where the injury occurred were under the joint supervision and control of the defendants and decedent's employer.

Plaintiff's decedent, Lawrence A. Beers, was employed by Lagler Logging Co. as a head loader. The defendant Packebush was engaged in hauling logs for Lagler Logging Co. The truck being loaded when Beers was killed had been furnished to Packebush on a temporary basis by the defendant Chapman, and was being driven by the defendant John Mattice. Packebush paid Chapman $3.00 per thousand for the use of the truck and driver, and Chapman paid the driver.

In the loading operation it was the duty of Beers as head loader to select the log to be loaded, set the tongs, and signal the operator of the hoist to hoist the log onto the truck. The driver, Mattice, moved the truck backward or forward as directed by signals from the second loader. If the driver was dissatisfied with the load he had the right to have it changed, but since they were operating on private roads it was not necessary to comply with the statutory load limits. After the logs were loaded the driver put on the binder chains. The fatal accident apparently was caused by a defective chain on Chapman's truck.

■■ This case was tried by the court, which found that when plaintiff's decedent was killed his employer, Lagler Logging Co., and the defendants Packebush and Chapman were all employers subject to the Workmen's Compensation law, and that Mattice was a workman subject to said law. This finding was supported by substantial, competent evidence and cannot be disturbed by this court. *Highway Com. v. Kendrick*, 72 Adv Sh 1379, 227 Or 608, 363 P2d 1078 (July 19, 1961); *Brazeale v. State Ind. Acc. Comm.*, 190 Or 565, 573, 227 P2d 804 (1951); *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 44, 185 P2d 891 (1947).

■ The trial court also found that the premises

where the accident occurred were under the joint supervision and control of decedent's employer and defendants Chapman and Packebush. This finding also is supported by substantial, competent evidence and cannot be disturbed by this court. The facts in this case are similar to the facts in *Claussen v. Ireland,* 216 Or 289, 338 P2d 676 (1959), and that case is controlling here. See also *Pruett v. Lininger et al,* 224 Or 614, 356 P2d 547 (1960); *Fisher v. Rudie Wilhelm Warehouse Co.,* 224 Or 26, 355 P2d 242 (1960); *Nelson et al v. Bartley et al,* 222 Or 361, 352 P2d 1083 (1960).

The judgement is affirmed.

LUSK, J. did not participate in the decision of this case.