Argued October 4, affirmed October 17, petition for rehearing
denied November 13, 1962

# BOLING *v.* NORK

375 P. 2d 548

*E. R. Bashaw,* Medford, argued the cause for appellant. On the briefs were Jones, Reeder and Bashaw and Robert A. Boyer, Medford.

*Paul H. Haviland,* Medford, argued the cause for respondent. On the brief were Haviland & Clinkinbeard, Medford.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and DENECKE, Justices.

GOODWIN, J.

This appeal presents the question whether the 1959 pickup-and-delivery amendment to the Workmen's Compensation Law[1] changes the rule in third-party actions by persons injured while loading logs.

---

[1] ORS 656.154. Injury due to negligence or wrong of a person not in the same employ as injured workman; remedy against such person. "(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"(3) No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer." (Subsection (3) was added by Chapter 504 of Oregon Laws 1959.)

The facts are similar to those of four recent cases in which the injuries were sustained prior to the effective date of ORS 656.154 (3) by workmen engaged in loading or unloading logs. See *Beers v. Chapman,* 230 Or 553, 370 P2d 941 (1962); *Nelson et al v. Bartley et al,* 222 Or 361, 352 P2d 1083 (1960); *Claussen v. Ireland,* 216 Or 289, 338 P2d 676 (1959); and *Long v. Springfield Lumber Mills,* 214 Or 231, 327 P2d 421 (1958). In each of the foregoing cases, as in this one, a workman was killed or injured by a mishap while he was working in concert with the workmen of an employer other than his own in the loading or unloading of logs. In each of the cited cases we held that the remedy provided by Workmen's Compensation was the exclusive remedy whenever all the workmen involved in the operation were on premises under the joint supervision of both employers and all were covered by their respective employers under the Workmen's Compensation Law. This result has followed without regard to the fact that the employer who may have caused the particular injury was not the employer of the injured workman. The trial court held that the 1959 amendment has not changed the law as it applies to the facts of this case. The plaintiff appeals.

Since 1933 when the first version of ORS 656.154 was enacted, there has been some ambiguity in the so-called third-party rule. See Note, 39 OLR 186 (1960). Since 1937, the policy of the Compensation Law apparently has been to afford compensation to all workmen injured while engaged in a common project without reference either to negligence or to contributory negligence, and, as an inducement to employers to utilize the statutory scheme, to protect each employer against damage actions by workmen of the other employer

on the common project. See *Blaine v. Ross Lbr. Co., Inc.*, 224 Or 227, 238, 355 P2d 461 (1960).

In 1959, the Legislative Assembly amended ORS 656.154 by adding the third subsection we have quoted in the margin. The sole question now before us is the extent to which this added subsection was intended to enlarge the right of a covered workman to sue a covered employer other than his own. The former statute, as we have seen, would have barred this action. It remains to be decided whether the routine activities around a woods landing or a log dump constitute the "pickup or delivery" of "goods, wares or merchandise" within the meaning of the quoted section. If so, the pre-existing law in such cases has been changed by the amendment. If not, then the law with reference to logging operations remains as it was prior to 1959.

██ The language of the section is not particularly revealing of legislative intent.[2] The two key expressions are "pickup or delivery" and "goods, wares or merchandise." Liberal construction in favor of injured workmen is required by *Johnson v. Timber Structures, Inc.*, 203 Or 670, 281 P2d 723 (1955). It would appear,

[2] We have also searched the minutes of the House and Senate Judiciary Committees with reference to HB 252, which produced the amendment under scrutiny. See State ex rel Appling v. Chase, 224 Or 112, 117, 355 P2d 631 (1960). While the minutes are fragmentary and equivocal, it is clear that the proponents of the bill desired at least to overrule the decision of Atkinson v. Fairview Dairy Farms, 190 Or 1, 222 P2d 732 (1950) (a pickup-and-delivery case). The minutes refer to the *Atkinson* case (milk) and to Johnson v. Timber Structures, 203 Or 670, 281 P2d 723 (1955) (sawdust) by name in a context which leaves little doubt that insofar as any conflict may exist between those two delivery cases the committee preferred to resolve that conflict in favor of the rule found in the *Johnson* case. Insofar as logging operations are concerned, the matter appears to have been mentioned by witnesses appearing before the committees, but the minutes reveal no indication of the intent of either committee with reference thereto.

therefore, that the language should be given a broad rather than a narrow construction. "Pickup or delivery" perhaps, then, could apply to logs even though such terms are not ordinarily used to describe the mechanized loading and unloading techniques of the logging industry. However, there is another rule of statutory construction which requires that the words used be given their common and ordinary meaning. A strained or unusual meaning is not presumed. ORS 42.250. *Blalock v. City of Portland et al*, 206 Or 74, 80, 291 P2d 218 (1955).

We believe that if the Assembly had intended the words "pickup or delivery" to apply to operations such as loading logs, unloading logs, and like activities which ordinarily require the massing of men and machinery for such purposes, it would have used language clearly describing such activities. The words "pickup or delivery" do not describe the combination of heavy machinery and rigorous labor involved in logging operations either at the landing in the woods or at the pond where the logs are eventually dumped. The ordinary meaning of the words "pickup or delivery" cannot be extended to cover the combined efforts of the workmen in this case.

Our interpretation of the words "pickup or delivery" as excluding the loading of logs makes it unnecessary to decide in this case whether logs were intended to be included within the words "goods, wares or merchandise." Cf. *Paullus v. Yarbrough et ux*, 219 Or 611, 623, 347 P2d 620, 79 ALR2d 1222 (1960), holding that for certain purposes logs are "goods".

We hold that ORS 656.154(3) was intended to, and does, codify the rule found in *Johnson v. Timber Structures,* supra, in that ordinary pickup-and-deliv-

ery situations, as those words are commonly understood, do not bring the premises under the joint supervision and control of any other employer than the one upon whose premises the pickup or delivery is being made. The amendment does not cover logging operations as they are commonly conducted in the industry, and as they are described in the cases we have cited.

Affirmed.