Argued April 2, affirmed May 1, 1963

CHILDERS *v.* SCHAECHER LUMBER CO. ET AL

380 P. 2d 993

*Joe B. Richards,* Eugene, argued the cause for appellant. On the brief were Luvaas, Cobb & Richards.

*Duane Vergeer,* Portland, argued the cause for respondent. On the brief were Vergeer & Samuels and Frederic P. Roehr.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

LUSK, J.

Plaintiff brought this third-party action, based on negligence, to recover damages for personal injuries sustained while he was engaged with an employee of the defendants in dumping logs on premises owned by the defendants. Plaintiff and his employer and defendants and their employee were subject to the Workmen's Compensation Act. The defendants filed a supplemental answer pursuant to ORS 656.324(3) by which they challenged the right of the plaintiff to maintain the action in view of the provisions of ORS 656.154.[1]

---

[1] ORS 656.154   (1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

(2) As used in this section, "premises" means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

(3) No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer.

The case was put at issue and after a trial the court entered findings of fact and conclusions of law and a judgment of dismissal. Plaintiff appeals.

The court found that the defendants employed Ivan Warthen as a scaler and as an operator of machinery for unloading logs at its log dump; that the plaintiff was a truck driver employed by A. L. Irvine, who was a log trucker engaged in the hauling of logs to the defendants' mill; and that the defendants and the plaintiff's employer were employers subject to the Workmen's Compensation Act. The findings continued as follows:

"That Jimmie A. Childers and Ivan Warthen are workmen covered by the terms and provisions of the Workmans [sic] Compensation Act of the State of Oregon. That on the 7th day of July, 1961, the plaintiff, while in his employment, drove a loaded log truck to the premises of the defendants and upon direction from Warthen stopped the truck at a point at the log dump, got out of the truck and assisted Warthen in measuring the logs, put dumping straps provided by the defendants under the load and tigthened them up. That Warthen, upon completion of the measuring of the logs, went into a small building located near the dump, during which time the plaintiff removed some of the binders from the load. That upon coming from the building Warthen removed other binders from the load, whereupon a log fell from the truck in the direction of both Warthen and the plaintiff. The log struck the plaintiff, injuring him.

"That the balance of the unloading operation, had the accident not occured [sic], would have been as follows: Warthen would have operated the power of the machinery employed to lift the logs from the truck and cause them to roll into the pond, the plaintiff would have disconnected the air lines from the truck to the trailer and Warthen would have

operated the power machinery at the dump site to lift the pole trailer. The plaintiff, upon signal from Warthen, would have backed the tractor under the trailer and Warthen would have lowered the trailer on to the truck.

"That at all times material the defendants and their workmen had joint supervision and control with the plaintiff and his employer over the premises where the injury occured [sic] and the defendants and the plaintiff and his employer were engaged in furtherance of a common enterprise and in the accomplishment of the same and related purposes in operation. That the plaintiff, as an employee of A. L. Irvine, and Ivan Warthen, as an employee of the defendants, were exposed to the same hazards of the operation. That the operation of unloading logs in the prescribed manner required the joint efforts of both workmen."

It is not contended that the findings of fact are not supported by the evidence.

The conclusions of law were to the effect that the plaintiff and his employer and the defendants and their employee were engaged in the furtherance of a common enterprise and exercising joint supervision and control over the premises where the injury occurred and that, since all persons concerned were under the Workmen's Compensation Act, plaintiff's action was barred.

Substantially, the question is the same as that decided adversely to the plaintiff in *Boling v. Nork,* 232 Or 461, 375 P2d 548, in which we construed subdivision (3) of ORS 656.154 providing that "[n]o person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer." The plaintiff in that case was a truck

driver, who was engaged in loading logs when he was injured. We held that the "pickup or delivery" provision of the statute was not applicable and that the action was barred because of the provisions of ORS 656.324 (1) and (2). Plaintiff here does not ask us to reconsider this decision, but argues that it does not apply to the other end of the total operation of log hauling. Evidence in the transcript is pointed to which shows that in the logging industry in Lane county contracts normally call for "delivery" of logs into the pond. This, plaintiff says, is the activity in which he was engaged at the time he was injured.

The argument misconceives the scope of the decision in the *Boling* case. "Delivery" in a contract may mean one thing; in a statute concerning workmen's remedies for injury, something quite different. The *Boling* case, construing the words of the statute in context, held that they did not cover logging operations, whether loading or unloading. We quote from the opinion:

"We believe that if the Assembly had intended the words 'pickup or delivery' to apply to operations such as loading logs, unloading logs, and like activities which ordinarily require the massing of men and machinery for such purposes, it would have used language clearly describing such activities. The words 'pickup or delivery' do not describe the combination of heavy machinery and rigorous labor involved in logging operations either at the landing in the woods or at the pond where the logs are eventually dumped. The ordinary meaning of the words 'pickup or delivery' cannot be extended to cover the combined efforts of the workmen in this case." 375 P2d at 550.

We adhere to the views thus expressed. The judgment is affirmed.

SLOAN, J., dissenting.

*Boling v. Nork,* 1962, 232 Or 461, 375 P2d 548, was incorrectly decided and should not be adhered to.

It seems strange to say that the size of the article being delivered or the equipment that may be required to load or unload it, should be the basis for a definition of "pickup and delivery." In this day, when virtually all movement of "goods, wares or merchandise" is by mechanical process, it is incongruous, to say the least, to decide these cases on the basis of the complexity of the machinery engaged in the movement of goods. Such a basis for decision ignores that ever larger containers, machinery, equipment and other goods are constantly in the flow of commerce. Nor does the "massing of men and machinery" provide an answer. In the instant case there were only two men engaged in the work, a fairly typical situation.

In future cases will we decide what is "pickup and delivery" by the size of the container being handled or by the nature of the goods within the container? Will the delivery of large cartons of paper supplies be within the statute and the delivery of large rolls of newspaper print excluded? Logs delivered to a mill are now excluded from the statute. Will heavy timbers being taken from a mill be treated the same? One can only speculate as to a decision involving the delivery of heavy structural steel and similar materials of countless variety.

The court has established a test which will cause the trial courts to exercise considerable guesswork in deciding these cases. Instead the court should follow what the legislature intended and hold that every delivery of property from one place to another is "pickup and delivery."