Argued September 11, affirmed September 30, 1964

# HADEED *v.* WILLAMETTE HI-GRADE CONCRETE CO.

395 P. 2d 553

*Donald B. Bowerman,* Portland, argued the cause for appellant. On the brief were Rask, Hefferin & Bowerman, Portland.

514

*R. E. Kriesien,* Portland, argued the cause for respondent. On the brief were Mize, Kriesien, Fewless & Douglass, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

LUSK, J.

This is another case involving the interpretation of the so-called "pickup or delivery" provision of ORS 656.154(3).[1]

Plaintiff was an employee of Contractors Incorporated, hereinafter called Contractors, which was engaged in the construction of a shopping center. Defendant Willamette Hi-Grade Concrete Co. had a contract to supply Contractors with ready-mix concrete. Both employers were under the Workmen's Compensation Act.

Plaintiff brought this action to recover damages

---

[1] ORS 656.154 reads:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"(3) No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer."

for personal injuries alleged to have been caused by the negligence of the defendant.

Defendant filed a supplemental answer pursuant to ORS 656.324 (3), alleging that plaintiff's injury was sustained while he was on premises over which the two employers had joint supervision and control within the meaning of ORS 656.154 (1) and (2). The trial court so held, and entered judgment barring the action, from which plaintiff has appealed. He contends that the case falls within the "pickup or delivery" clause of the statute.

The facts are free from dispute. Defendant commenced supplying ready-mix concrete to Contractors on June 28, 1961. Plaintiff was a hod carrier and it was his duty to receive concrete in a "buggy", or small wheelbarrow, as it came through a moveable chute attached to the rear of the delivery truck, and dump the concrete inside the forms on a wall in the process of construction. There were days when as many as a hundred trucks brought concrete to the job site. By July 12, 1961, the day of the accident, the wall had risen to a height of 12 or 15 feet, and to facilitate the work, a ramp was constructed by Contractors for the use of the defendant's trucks, which would be backed up far enough on the ramp to enable the concrete to be poured into the buggies at the top of the ramp.

The ramp was only wide enough to leave a distance of about a foot on either side of the wheels of a truck occupying it.

On the arrival of a truck a hod carrier at the top of the ramp would guide the driver as he backed up, and after the truck was halted on a signal from a hod carrier, the latter would swing the chute so as to bring

the end of it close to his buggy, and the truck driver would get out of the truck and operate a mechanism at the rear which controlled the flow of concrete. When a buggy was filled, the hod carrier then would wheel it away. Sometimes there were several hod carriers waiting to receive their loads, and the chute would be swung from one buggy to another.

On the day of plaintiff's injury, however, he was the only hod carrier at the ramp. For present purposes, we may adopt the account in plaintiff's brief of what then occurred.

"* * * As the plaintiff was attempting to give the defendant's driver directions in backing his vehicle the chute swung to the driver's side of the truck thereby blocking the view that the driver had of the plaintiff. The plaintiff then walked a few feet down the ramp toward the truck, motioning for it to stop, and after the truck stopped and before plaintiff could push the chute completely out of the way, the truck backed up carrying the plaintiff under the wheels and thereby causing the injuries complained of."

We think that the decision of this case is controlled by *Childers v. Schaecher Lbr. Co.,* 234 Or 230, 380 P2d 993; and *Boling v. Nork,* 232 Or 461, 375 P2d 548, in which we held that "[t]he ordinary meaning of the words 'pickup or delivery' cannot be extended to cover the combined efforts" of workmen of two different employers in the loading or unloading of logs. As in the cases cited, there are found here a concert of effort and a mingling of the employees of both employers and their common exposure to the hazards of the work going forward, all designed to facilitate its accomplishment. Within the construction heretofore placed by us upon ORS 656.154 (see, e.g., *Pruett*

*v. Lininger et al,* 224 Or 614, 356 P2d 547), the premises where plaintiff was injured were premises over which the two employers had joint supervision and control. As the pickup and delivery section does not apply, the trial court correctly held that the plaintiff's action is barred, and that his remedy is the recovery of benefits under the Workmen's Compensation Act.

The judgment is affirmed.