## SNELLSTROM *v.* STATE TAX COMMISSION

Harold D. Gillis, Eugene, and Edward A. Butler, Eugene, argued the cause for plaintiff. Harold D. Gillis and Butler, Husk & Gleaves, Eugene, submitted briefs for plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for defendant. Walter J. Apley, Assistant Attorney General, Salem, and Alfred B. Thomas, Assistant Attorney General, Salem, submitted a brief for defendant.

Decision for plaintiff rendered January 13, 1965.

PETER M. GUNNAR, Judge.

This is an appeal from the State Tax Commission's

Opinion and Order No. I-63-43 which denied plaintiff, as executor of the estate of Charles T. G. Snellstrom, a deduction of current income distributed during the tax year from the estate's income for the estate's 1961 tax year.

The facts, stipulated at the time of trial, are as follows: Plaintiff is the duly appointed, qualified and acting executor of the estate and last will and testament of Charles T. G. Snellstrom, deceased. In October, 1961, he proposed to distribute almost all the estate's assets to the two beneficiaries and to retain only $2,000 to pay taxes. On October 26, 1961, these two beneficiaries under the will approved of and receipted for their distributive share of the income and assets of the estate. Plaintiff actually made the distributions on November 12, 1961. On November 20, 1961, he filed his final account of the estate in the Circuit Court for Lane County. In his estate income tax return for the year 1961, plaintiff reflected as a deduction from the net income of the estate, the 1961 income of the estate which was distributed to the beneficiaries on November 12, 1961. Defendant disallowed this deduction and assessed an additional tax in the sum of $375.31 plus penalty and interest.

The only issue before the court is factual: Were the distributions of current income distributed with the distributions of the major portion of the estate on November 12, 1961, made pursuant to the terms of the will or were they "occasioned by" the closing of the estate?

The provision of the will which allows a current distribution of estate income provides:

"I further empower my executrix or executor in her, his or its discretion, to accumulate and retain, or to use in the payment of debts, expenses

of administration and other charges against my estate, or to distribute to beneficiaries all income of the estate including current income and corpus gains and gains from sale or exchange of property constituting a part of the corpus or principal of the estate. And I direct that all distributions of income including current income and corpus gains during the year which my estate is closed shall be deemed a current distribution of income to beneficiaries."

Plaintiff, in his brief, states that this provision was drafted in light of ORS 316.815. The applicable provision of ORS 316.815, which allows the deduction of distributed current income from the estate's net income where there is a discretionary distributive provision in the will, is as follows:

"316.815 Computing net income. (1) The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except as provided in this section.
"*　*　*　*　*

"(3) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of such income of the estate or trust for its tax year:
"*　*　*　*　*

"(b) Which, pursuant to the terms of the will or instrument creating the trust, may be either distributed to the beneficiary or accumulated, in the discretion of the fiduciary, and which is actually paid or irrevocably credited to the beneficiary;
"*　*　*　*　*"

A comparison of the language of the statute and the will provision reveal the merit in the contention that the will provision was drafted with this statutory section in mind.

Defendant agrees that the will provision grants the proper authority to reap the benefits of ORS 316.815 (3)(b). But it contends that the distribution was not an exercise of the executor's discretionary power but was made as part of the closing of the estate. It contends that because the distribution was made pursuant to the closing of the estate, ORS 316.815(5) applies and the deduction must be denied. ORS 316.815(5), denying a deduction of current income where the distribution is "occasioned by" the closing of the estate, provides in part:

"(5) * * * Distribution of corpus gains or of current income during the tax year, where such distribution is occasioned by a closing of the estate or termination of the trust and not by a provision of the will or trust instrument, shall not be deemed a current distribution of income within the meaning of subsections (2) to (4) of this section, and such gains or income shall be taxed to the estate or trust. * * *"

██ Courts are bound to give words used in a statute their common and ordinary meaning, absent a clear legislative intent to the contrary. ORS 174.010; *Wimer v. Miller,* 235 Or 25, 30, 383 P2d 1005 (1963); *Boling v. Nork,* 232 Or 461, 465, 375 P2d 548 (1962). The word "occasion" is defined as "something that produces an effect or brings about an event, to cause." Webster's Third New International Dictionary (1961).

■ Did the closing of an estate occasion, bring about, or cause the distribution here? This court thinks not. Certainly a distribution of the major portion of an estate's assets will expedite the closing of an estate. But this can be said of any distribution of estate assets, as they must be distributed before or on closing. This is a duty of the executor. *In Re Buelow's Estate,* 177 Or 218, 229, 161 P2d 909 (1945). The

simultaneous distribution of current income and the major portion of an estate's assets does not amount to a closing of the estate. At the time of the distribution in question here, there were still assets in the estate; the final account had not been filed; there had been no court approval of the final account; there had been no hearing on the final account; there had been no court approval of the distributions; there had been no application for release from the State Tax Commission filed nor did the estate close at the time of distribution. Under this set of facts this court cannot say that the closing of the estate occasioned the distributions. The statute does not require any length of time to elapse between the distribution of current income and the distribution of the major portion of the estate's assets, nor should this court rewrite the statute to so require.

■ Defendant further contends that the estate is liable for the tax on the estate's income because Oregon follows the general rule that fiduciaries are liable for the tax on estate income unless provided for otherwise. It should be noted that Oregon does so otherwise provide. See ORS 316.815(4) which provides that any amount allowed as a deduction from the estate's income shall be included in the net income of the beneficiary receiving the income.

In conclusion, this court holds from the facts of this case that the distribution of current income of the estate was made pursuant to the terms of the will and was not occasioned by the closing of the estate. Plaintiff will prepare a decree, setting aside the commission's opinion and order and allowing the deduction in accordance with this decision.