Argued September 11, affirmed October 7, 1970

COGBURN, *Appellant, v.* ROBERTS SUPPLY
CO. ET AL, *Respondents.*

475 P2d 67

*Robert W. Hill,* Eugene, argued the cause for appellant. On the briefs were Hill & Schultz.

*Richard Bryson*, Eugene, argued the cause for respondents. On the brief were Windsor Calkins and Bryson & Robert.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL, SCHWAB, and MENGLER, Justices.

McALLISTER, J.

This is a third party action by an injured workman who was covered by the Workmen's Compensation Law and involves the application of the "joint supervision and control" and the "pickup and delivery" provisions of ORS 656.154.

There is no dispute about the basic facts. Plaintiff, James E. Cogburn, was working as construction foreman for the Joe B. Wheeler Construction Company in the building of a forest road for the Bureau of Public Roads in Lane County. Paul Walz was a truck driver employed by the defendant Roberts Supply Company, who brought a truckload of 16-gauge galvanized steel culvert pipe to the job site. Both employers were subject to the Workmen's Compensation Act. Plaintiff was injured when the truck driver, the plaintiff, and several Wheeler Construction employees were unloading the pipe.

The pieces of pipe were from 16 to 24 feet long, up to 24 inches in diameter, and weighed up to 600 pounds. The pipe was unloaded by two cables fastened on one side of the truck bed, one about four feet from each end of the truck. The cables were then passed under a piece of pipe at the top of the load and back to the side on which the cables were fastened so as to form a sling or cradle in which the pipe could

be lowered on the opposite side of the truck. A man on each cable worked the pipe down. Plaintiff was hurt while he and the driver were working on top of the load and the driver dropped his end of a piece of pipe which the two men were moving.

The trial court found that there was joint supervision and control over the premises where the injury occurred, within the meaning of ORS 656.154 (1) barring third party actions where such control exists, and dismissed plaintiff's complaint. Plaintiff appeals.

Most of the questions raised in this case were settled in *Gorham v. Swanson*, 253 Or 133, 453 P2d 670 (1969). In that case a truck driver and a sawmill employee were jointly loading the truck with bundles of lumber when the truck driver was killed. As to joint supervision and control, we said:

> "This case is indistinguishable on the facts from many of our prior cases, particularly those arising out of the loading or unloading of logs by the joint efforts of the truck driver and an employee of the logger or sawmill operator. See: Beers v. Chapman, 230 Or 553, 370 P2d 941 (1962); Nelson et al v. Bartley et al, 222 Or 361, 352 P2d 1083 (1960); Claussen v. Ireland, 216 Or 289, 338 P2d 676 (1959); and Long v. Springfield Lumber Mills, 214 Or 231, 327 P2d 421 (1958). Those cases are controlling on the issue of joint supervision and control. Whether a truck and trailer are loaded with six bundles of lumber, each weighing about two tons, or an equal number of logs would seem to be of no significance." 453 P2d at 671-672.

Plaintiff contends that the 1959 "pickup and delivery" amendment of ORS 656.154 exempts his claim from the general application of the statute. As to that contention we said in *Gorham*:

> "In 1959 ORS 656.154 was amended by adding

subsection 3, which is commonly called the pickup and delivery amendment, reading as follows:

" 'No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer.'

We have construed that amendment in three cases and held that it did not apply to operations such as took place in this case: Boling v. Nork, 232 Or 461, 375 P2d 548 (1962) (loading logs); Childers v. Schaecher Lbr. Co., 234 Or 230, 380 P2d 993 (1963) (unloading logs); Hadeed v. Willamette Hi-Grade Concrete Co., 238 Or 513, 395 P2d 553 (1964) (unloading ready mix concrete)." 453 P2d at 672.

In *Gorham* we expressed in some detail the reasons why we decided to adhere to our original construction of the pickup and delivery amendment as enunciated in *Boling v. Nork*. It is unnecessary to restate those reasons in this opinion.

If "pickup and delivery" does not include the loading or unloading of logs or bundles of lumber or the unloading of ready-mix concrete it does not include the unloading of 600-pound lengths of steel pipe which required an improvised sling and the joint efforts of five men.

In the trial court plaintiff relied solely on the 1959 pickup and delivery amendment. In this court plaintiff for the first time contends that ORS 656.154 does not apply because it was the sole responsibility of the truck driver to unload the pipe and because plaintiff and the members of his crew were therefore acting outside the scope of their employment in helping the driver do his job. It appears that the driver

intended to loosen the wraps and let the pipe roll off the truck onto the ground. According to plaintiff he told the driver that if the pipe was damaged by that method of unloading it would be rejected; the driver then threatened to take the pipe back to town and finally agreed to unload the pipe if plaintiff and two of his men would help. According to plaintiff he agreed that he and his men would help, but would "take no responsibility."

Assuming the question is properly before us, we think the petulance of the workmen engaged in the common enterprise of unloading the pipe is irrelevant. Whether performed willingly or reluctantly the work was for the mutual benefit of both employers, one of whom wanted to deliver the pipe and one of whom wanted to receive it in good condition. The disposition of their employees in accomplishing the work was of no legal significance.

The judgment is affirmed.

TONGUE, J., specially concurring.

I concur in the result of the majority decision, but solely for the reason that the basic issues presented for decision in this case have been previously decided adversely to the plaintiff by this court in *Gorham v. Swanson*, 253 Or 133, 453 P2d 670 (1969) and in previous cases.

DENECKE, J., joins in this specially concurring opinion.