Argued November 6, affirmed December 13, 1973

MILLER, *Appellant, v.* RIVER BEND SAND &
GRAVEL COMPANY, *Respondent.*

516 P2d 1300

*Elton T. Lafky,* Salem, argued the cause and filed a brief for appellant. With him on the brief were Lafky & Drake, Salem, and C. S. Emmons and Emmons, Kyle, Kropp & Kryger, Albany.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

PER CURIAM.

This is another case involving the interpretation of the pick-up and delivery provision of ORS 656.154 (3).[1] Plaintiff appeals from a judgment in favor of defendant at the close of supplemental proceedings in which defendant contended that its employee was under the joint supervision and control of plaintiff and defendant's employer.

The facts are as follows: On July 2, 1970, plaintiff owned a lot and was in the process of building a

---

[1] ORS 656.154 provides: "(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.-001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"(3) No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer."

house for sale. Forms had been constructed for the wall and foundation of a garage and were ready for concrete to be poured.

Defendant's employee drove a ready-mix cement truck over to the building site where plaintiff was located. Defendant's employee backed the truck down the driveway until he could reach the forms with a chute mounted on the back of the truck. With the chute extended to a point above the forms, plaintiff positioned himself on the inside of the forms below the chute. Plaintiff's employee, Jepson, was on the outside of the forms to keep the concrete, when the pour began, from splashing over the outside of the forms.

Plaintiff had directed the positioning of defendant's cement truck and gave instructions to the truck driver as to where to pour the cement and how much water to add before pouring. Plaintiff used a board to keep the concrete from flowing downhill when the pour began, as the forms stairstepped down in the direction away from defendant's truck. Defendant's employee started the flow of wet concrete into the forms by manipulating the controls on the back of the truck. The truck suddenly began to roll backwards and down hill into the garage area. Plaintiff was struck and severely injured by the chute on the back of the truck. Plaintiff brought this action charging the defendant, through its employee, with negligence in causing the injury.

This case is controlled by *Hadeed v. Willamette Hi-Grade Concrete Co.*, 238 Or 513, 395 P2d 553 (1964).[2] In that case plaintiff, an employee of a building contractor, was injured at the construction site by a ready-mix concrete truck operated by the defendant's

[2] See also Deitz v. Savaria, 260 Or 538, 491 P2d 620 (1971).

employee. Although there are some factual distinctions between *Hadeed* and the present case, we do not regard them significant enough to distinguish the cases.

The judgment is affirmed.

TONGUE, J., specially concurring.

If this were a case of first impression, I would hold that there was no "joint supervision and control" over the "premises," as required by ORS 656.154 (1) and (2) and that this case is within the "pick up or delivery" provision of ORS 656.154 (3).

These questions, however, have been decided by this court to the contrary in several cases, including *Hadeed v. Wil. Hi-Grade Concrete Co.*, 238 Or 513, 395 P2d 553 (1964).

Under these circumstances, I concur in the result of the decision in this case.