Argued September 11, reversed and remanded October 17, petition
for rehearing denied December 11, 1962

# REYNOLDS ET AL *v.* HARBERT ET AL and STATE INDUSTRIAL ACCIDENT COMMISSION

275 P. 2d 245

*Al J. Laue,* Salem, argued the cause for appellants. With him on the brief were Williams & Skopil, Salem.

*Paul S. Hybertsen,* Portland, argued the cause and filed a brief for respondents.

*O. E. McAdams, Jr.,* Assistant Attorney General, Salem, argued the cause for intervenor-respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and DENECKE, Justices.

GOODWIN, J.

The widow of a deceased truck operator appeals from a judgment barring her action for damages against an employer.

The trial court held that the Workmen's Compensation Law (ORS ch 656) afforded the only remedy available to the widow, but that certain sections of that chapter when applied to the peculiar facts of the case create a hiatus in coverage which leaves the plaintiff without remedy.

A statement of the facts will underscore the issue. The deceased Reynolds was the owner and operator of one gravel truck and was also the employer of two other truck drivers. In connection with his trucking business he had obtained coverage under Workmen's Compensation for his workmen, but had failed to avail himself of the same coverage under ORS 656.128 for any injuries he himself might suffer on the job. Thus, he was a covered "employer" under Chapter 656, but was not a covered "workman", even though he could have been both.

With his industrial accident coverage in the condition described, Reynolds undertook to perform a subcontract for Harbert Bros., a partnership acting as a general contractor on a federal river-bank improvement. Reynolds' contract required him to haul rock and to dump it on the river bank under the direction of Harbert Bros. While so engaged, he was killed.

The widow originally brought a claim for statutory death benefits under Chapter 656. This claim was rejected by the Commission. One obvious ground for rejection was that since the deceased had failed to apply for the coverage he could have obtained under his own account he was not eligible for benefits as a self-employed "workman". The Commission also denied that he was covered under the Harbert Bros. account. This rejection was contested in the circuit court, and the Commission was upheld. As we do not have the record of that case, we do not know what issues were actually decided. Whether or not the circuit court judgment in that proceeding was correct, it was never appealed. We express no opinion upon it.

We find the present case in this condition: The widow has now brought an action alleging negligence on the part of Harbert Bros. The defense is that Harbert Bros. was a covered employer under Chapter 656. That chapter admittedly provides the exclusive formula for compensation for all injuries suffered by Harbert's workmen. Therefore, the defendants say, the only remedy available to Reynolds was the former proceeding (which resulted in no benefit to the claimant.)

The difficulty arises out of the following sections:

ORS 656.124. "(1) If any person engaged in a business and subject to ORS 656.002 to 656.590 as

an employer, in the course of such business, lets a contract involving the performance of labor [as Harbert Bros. did], and such labor is performed by the person to whom the contract was let with the assistance of others [as Reynolds did], all persons engaged in the performance of the contract are deemed workmen of the person letting the contract for the purposes of this section *unless the person to whom the contract is let is regularly engaged in a business involving the occupation covered by the contract* [as Reynolds was] and has currently on file and in effect with the commission a statement or notice made under ORS 656.024, 656.034, 656.052 or subsection (2) of this section [as Reynolds had]. Any person having currently on file and in effect with the commission such a notice or statement *may qualify as a workman only in accordance* with the provisions of ORS 656.128. "* * * * *." (Italics supplied.)

Turning to the last section mentioned, we find:

ORS 656.128. "(1) Any person who is an individual employer * * * may make written application to the commission to *become entitled as a workman* to the compensation benefits thereof. Thereupon, the commission shall accept such application and fix a rate of contribution and a monthly wage at which such person *shall be carried on the payroll as a workman.* "* * * * *." (Italics supplied.)

It is stipulated that Reynolds did not comply with ORS 656.128. The plaintiff contends, therefore, that Reynolds could not have been a "workman" within the meaning of ORS 656.124, even though he may have been an employe in the broad sense of that word. Since the circuit court in the former case determined that Reynolds was not at the time of his death entitled to the benefits of the Workmen's Compensation Law, it may have found that he was not a "workman". We

do not know. In any event, that decision should not operate in this case against the widow. However, the defendants now contend that this plaintiff is caught in a supposed hiatus created by the quoted sections of Chapter 656.

The defendants' contention is that since Reynolds had the right to become a "workman" under ORS 656.128, even though he did not exercise that right, the unexercised right to "become entitled as a workman" makes him a workman subject to Chapter 656. Therefore, the defendants argue, the present action is barred by the exclusive-remedy provisions of Chapter 656. The defendants contend that they are entitled to all the protection against damage actions which the Compensation Law affords covered *employers* against their workmen, just as if Reynolds had qualified as a workman. This contention recognizes that Reynolds failed to qualify as a workman under ORS 656.128, but says that the remainder of the chapter nonetheless applies to persons in his circumstances. In other words, the defendants say that Reynolds' failure to qualify as a workman does not keep him from being barred as one. Reynolds' failure to qualify was a mere procedural failure, they say, analogous to letting a statute of limitations run. His failure to qualify, they contend, was the equivalent of a failure by any other workman subject to the statute to file an accrued claim on time, or to do any other act necessary to realize a benefit under the Chapter. They say the right to qualify is equal to qualification in order to invoke the exclusive-remedy rule. The rationale of the exclusive-remedy provisions has been discussed elsewhere, and need not detain us now. See *Johnson v. Timber Structures, Inc.*, 203 Or 670, 678, 281 P2d 723; 2 Larson, Workmen's Compensation Law 135, § 65.10 (1961).

The defendants cite, and apparently rely upon, the case of *Bigby v. Pelican Bay Lbr. Co.*, 173 Or 682, 689, 147 P2d 199. The case is not in point and does not sustain the claims made for it. On the contrary, *Latimer v. Western Mach. Exchange*, 42 Wash2d 756, 259 P2d 623, is a direct holding in support of the plaintiff in the case at bar under a statutory scheme and a factual situation very like the case before us. The "right to receive such sums" a covered workman would receive is obviously a nonexistent right if the claimant is not a "workman". ORS 656.152. Accordingly, if there is no right to receive any sum under the statute, there is nothing upon which the exclusive-benefit-thereof clause can operate.

It is our conclusion that the statutory scheme was intended to provide that a workman covered by Chapter 656 must accept the benefits thereof as his exclusive remedy except in the enumerated situations mentioned in the statute and those discussed in *Bigby v. Pelican Bay Lbr. Co.*, supra. Those exceptions have no application here. The Compensation Law manifestly does not bind or benefit (except in matters not relevant here) a workman who is not subject to it. As Reynolds was not a "workman", he was not subject to the statute. He was obviously not possessed, then, in the language of ORS 656.152, of the "right to receive such sums * * * in lieu of all claims against his employer on account of such injury or death * * *." Since the deceased had no such rights, his widow is now free to pursue whatever other remedy, if any, she may have at law.

To summarize, it can be seen that:

(1) All "workmen" subject to the statute are bound by it as their sole and exclusive remedy with certain exceptions not here relevant. ORS 656.152 (1) and (2).

(2) "Workmen" subject to Chapter 656 are those "workmen" who are employed by an employer subject to the same statute. ORS 656.122.

(3) Reynolds did not become a "workman" within the meaning of ORS 656.122 because he was excluded from that class by the exception created by ORS 656.124 (1) and 656.128.

The judgment of the lower court, founded as it is upon an erroneous application of the Workmen's Compensation Law, must be vacated, and the plaintiff's complaint reinstated.

Reversed and remanded.