Argued July 10, reversed August 23, petition for rehearing
denied September 19, 1967

LAYTON, *Respondent, v.* LEEP LOGGING,
INC., *Appellant.*

430 P. 2d 1008

*John E. Jaqua,* Eugene, argued the cause for ap-
pellant. On the briefs were Jaqua, Wheatley & Gard-
ner, Eugene.

*E. B. Sahlstrom,* Eugene, argued the cause for re-
spondent. On the brief were Sahlstrom & Starr,
Eugene.

Before PERRY, Chief Justice, and McALLISTER,
SLOAN, O'CONNELL, GOODWIN, HOLMAN and LUSK, Jus-
tices.

SLOAN, J.

This is a typical third party action where plaintiff's right to recover from defendant depends upon whether or not there was joint supervision and control of the premises where plaintiff was injured. The injury occurred at defendant's log dump when plaintiff, the driver of a log truck, was hit by a log falling from the truck as it was being unloaded. A part of defendant's log dump was on a roadway that had been dedicated to public use. The trial court entered a conclusion of law that:

> "The Plaintiff's employer and the Defendant did not have 'joint supervision and control' over the 'premises' where the accident occurred in this case since said 'premises' consisted of a dedicated portion of an improved public highway regularly used by the public for highway purposes."

That conclusion is the sole question in defendant's appeal from the judgment for plaintiff thereafter entered.

The only basis for that conclusion is the following statement in *French v. Christner*, 1944, 173 Or 158 at 175, 135 P2d 464, 143 P2d 674 at 678:

> "* * * Did the parties have joint supervision and control over the Oregon Coast Highway when this injury occurred? It would seem that the answer is obvious. Such control and supervision is vested in the Oregon State Highway Commission: Section 100-114, O. C. L. A. This highway was constructed for the general use of the public and is not one used in connection with the actual place of work where the employer carries on his business: *Inwall v. Transpacific L. Co.*, 165 Or. 560, 108 P. (2d) 522. Authorities cited in support of appellant's contention that the highway constituted 'premises' within the meaning of the above section are not in point."

In the *French* case the accident was one that occurred between moving log trucks on a highway, a situation not comparable to the premises involved in the present case. We can find nothing in the particular situation involving defendant's use of a portion of this roadway that would, of itself, preclude joint operation and control by the parties involved.

This situation is more like that of *Shoemaker v. Johnson,* 1965, 241 Or 511, 407 P2d 257, where the premises involved was part of a highway under construction. The court attached no significance to the peculiar nature of the premises in that case. Compare dissent at page 524. There is nothing about the premises in the instant case to set it apart from *Shoemaker* and other decided cases like *Pruett v. Lininger et al,* 1960, 224 Or 614, 356 P2d 547.

The judgment must be reversed.