Argued February 4, affirmed April 14, 1971

# BASS, *Appellant, v.* DUNTHORPE MOTOR TRANSPORT CO., *Respondent.*

484 P2d 319

*Oliver Crowther*, Portland, argued the cause for appellant. With him on the brief was Anthony Pelay, Jr., Portland.

*Ronald E. Bailey*, Portland, argued the cause for respondent. With him on the brief were Bullivant, Wright, Johnson, Pendergrass & Hoffman, Portland.

HOLMAN, J.

This is an action by an injured workman, whose employer was covered by the Workmen's Compensation Act, against an alleged third party tort feasor. Defendant is alleged to have inflicted personal injuries upon plaintiff by the negligent operation of its bus. Defendant was also covered by the Act and it interposed a plea in bar of joint supervision and control based upon ORS 656.154 of the Act. The trial court sustained the plea and plaintiff appealed.

The facts were stipulated by the parties. Defendant was under contract with School District No. 1,

Multnomah County, to furnish buses and drivers for the transportation of school children in a cross-town busing program for black students. Plaintiff is employed by the school district as a bus aide. At the time of the accident, plaintiff was a passenger in a bus operated by defendant's employee. Defendant's employee was in sole control of the physical operation of the bus. Plaintiff's duty was the care and control of the children who were being transported. The bus was involved in a collision with another vehicle and plaintiff was allegedly injured.

ORS 656.154 provides as follows:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman * * * may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"* * * * *"

In order for an action to be barred by the statute, the defendant must show (1) that he was an employer subject to the Workmen's Compensation Act; (2) that he or his workmen causing injury had joint supervision and control with the injured workman's employer of the premises on which the injury occurred; and (3) that he and the injured workman's employer were en-

gaged in the furtherance of a common enterprise or in the accomplishment of the same or related purposes in operation, which means that the injured workman must have been working with the employees of the tort feasor in a common activity and exposed to the hazards created by such mutual engagement of the employers. *Fisher v. Rudie Wilhelm Warehouse Co.*, 224 Or 26, 35, 355 P2d 242 (1960). *Johnson v. Timber Structures, Inc.*, 203 Or 670, 281 P2d 723 (1955).

■ As previously indicated, it is conceded that defendant is covered by the Workmen's Compensation Act. In addition, it is clear from the facts stipulated to by the parties that defendant and the school district, plaintiff's employer, were engaged in the furtherance of the common enterprise of transporting school children. Accordingly, the issue to be resolved in this case is whether the school district and defendant had joint supervision and control over the premises on which plaintiff was injured. The trial court found that there was joint supervision and control and, thus, ruled that plaintiff was barred by ORS 656.154 from maintaining her action. The basis for plaintiff's appeal is that defendant had sole control of the bus and, therefore, there was no joint supervision and control over the premises where plaintiff was injured.

In *Pruett v. Lininger et al*, 224 Or 614, 356 P2d 547 (1960), plaintiff's employer had hired a crane and a driver from defendant to aid in the construction of a bridge. The crane was being used to swing concrete buckets between the concrete-mixer trucks and the bridge construction. The crane operator was under the supervision of the defendants in the manner in which he operated and maintained the equipment. The operator was, however, under the supervision of the

bridge contractors, plaintiff's employers, in that they could and did give him instructions with reference to when and where the concrete buckets were to be emptied. Plaintiff was one of the workmen who gave these signals to the crane operator. Plaintiff was injured as a result of the negligent operation of the crane by the defendant's crane operator. The court held that there was joint supervision and control, for

"\* \* \* [T]he exclusive coverage of the Workmen's Compensation Act applies when there is an operational co-mingling of the workmen of two or more covered employers *even though only one of the covered employers may be said to be in actual control of the site where the work is under way.*" 224 Or at 623. (Emphasis ours.)

The court also stated that

"If the third party causing the injuries was negligent, but was also covered by the Workmen's Compensation Act, which is the situation now before the court, a third-party action authorized by ORS 656.154 is nevertheless available *unless the two employers were engaged in the performance of component parts of an undertaking on premises occupied by the workmen of both covered employers* \* \* \*." 224 Or at 624. (Emphasis theirs.)

*Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961) was an action under the Employers' Liability Act rather than a third party claim under the Workmen's Compensation Act. However, the court discussed the meaning of "control" in ORS 656.154. It summarized the cases in this area, as follows:

"Both ORS 656.154 and ORS 654.305 are cast in terms of the defendant's control over the work out of which the injury arises. We do not pass upon the question of whether the control required under each of these statutes is the same, but both statutes

have been liberally construed to cover situations in which the defendant did not have actual control over the specific activity which was the immediate cause of the plaintiff's injury. Defendant's participation has been considered sufficient where it amounted to cooperative conduct in accomplishing a task in which both the defendant and plaintiff's employer were interested * * *. Our prior decisions indicate that in construing ORS 656.154 this participation must be more than a common interest in an economic benefit which might accrue from the accomplishment of the task * * *; the defendant or his employee and plaintiff's employer must actively join in a physical way in carrying on the particular work which produces the injury * * *. As expressed in *Pruett v. Lininger,* supra, there must be an 'operational commingling' of the employees of the two employers * * *." 225 Or 546-47. (Citations omitted.)

The term "joint supervision and control" describes a situation in which each employer has control of the activities of his employees who occupy a common premises with employees of the other employer, and, thus, both employers have control of the premises in the sense that they have some control of the activities which occur there. This is without regard to the fact that a particular act which causes injury may be within the exclusive control of the employees of only one of them. It is our opinion that the facts of this case fit within such criteria. Plaintiff was controlling the children and defendant was controlling the vehicle at the same time and place in the furtherance of a common enterprise; to wit, the transportation of school children.

Plaintiff seeks support from *Penrose v. Mitchell Bros.,* 246 Or 507, 426 P2d 861 (1967). *Penrose* was a case under ORS 654.305 of the Employers' Liability

Act. It decided what constituted "having charge of," that is, control of, the work under that section. It did not decide what constituted *joint* supervision and control of a premises by a defendant and plaintiff's employer as contemplated by ORS 656.154 of the Workmen's Compensation Act. We accept plaintiff's contention that defendant had sole control of the physical operation of the bus, but that is not dispositive of the question here because such control by defendant does not prevent plaintiff's employer, through the activities of plaintiff, from having joint control of the premises as contemplated by ORS 656.154. We believe the case is not applicable.

Plaintiff also relies on two Multnomah County Circuit Court cases in which it was held on the basis of *Penrose* that there was no joint supervision and control where two employees of the Fish Commission were killed as a result of the negligence of the operator of a helicopter while making a stream survey. The commission had contracted with the defendant to provide the helicopter service. We agree with plaintiff that the situation in those cases was closely analogous to the present situation; however, those cases are not controlling upon us.

The judgment of the trial court is affirmed.

TONGUE, J., concurs in the result.