Argued October 26, affirmed December 30, 1971

## COUNTS ET AL, *Appellants, v.* WAKEFIELD, *Respondent.*

492 P2d 278

*Raymond J. Conboy,* Portland, argued the cause for appellants. With him on the brief were Pozzi, Wilson & Atchison and Donald Atchison, Portland.

*Howard M. Feuerstein,* Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

This is a wrongful death action brought by the dependents of a deceased workman. Both the defendant and the decedent's employer were covered by the Workmen's Compensation Law. The defendant filed an answer alleging that under these circumstances the plaintiffs' exclusive remedy is benefits provided under the Workmen's Compensation Law. The trial court sustained this defense and plaintiffs appeal.

ORS 656.154 provides that a workman cannot maintain an action against another employer under the Workmen's Compensation Law if such employer "was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman * * *" and was "* * * engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

The facts are uncontroverted. The decedent was a log truck driver for Cody Logging Co. He was at the Tygh Valley Timber Company log dump to unload logs from his truck. The defendant also had a truck at the same dump to unload logs. Defendant's driver and an employee of the dump were attempting to unload defendant's truck while the decedent was waiting for them to finish so his truck could be unloaded. A stake on the defendant's truck would not release and

the logs could not dump. The decedent voluntarily came forward and attempted to release the stake. The stake gave way and the decedent was crushed by the falling logs. "Very often" waiting drivers voluntarily assisted in unloading other drivers' trucks.

We have repeatedly held that log truck drivers injured at log dumps are on premises over which the driver's employer has joint supervision and control and are engaged in a common enterprise with other employers engaged in the processing of the logs. Some of these decisions are cited in *Gorham v. Swanson,* 253 Or 133, 136, 453 P2d 670 (1969). Plaintiffs claim these decisions do not apply because in the present case there was not "a *necessary* integration of tasks" between the decedent and the defendant; the assistance of the decedent was not "an *integral* or pre-planned part of the enterprise." The intermingling of decedent and defendant's employee was "fortuitous or chance."

We hold that these facts do not distinguish this case from our past decisions holding the death did occur on premises over which the decedent's employer and the defendant have joint supervision and control and they are engaged in a *common enterprise.*

In the following cases the injured or deceased employee was not engaged in a task which was necessary or integral to the operation: *Shoemaker v. Johnson,* 241 Or 511, 407 P2d 257 (1965); *Gorham v. Swanson,* supra (253 Or 133); *Cogburn v. Roberts Supply Co.,* 256 Or 582, 475 P2d 67 (1970). We nevertheless held that the employee or his beneficiary was barred from bringing a damage action. *French v. Christner,* 173 Or 158, 135 P2d 464, 143 P2d 674 (1944), relied upon by plaintiffs, is not to the contrary.

Affirmed.

TONGUE, J., concurring.

I concur in the result of the majority opinion, but solely for the reason that the basic issues presented for decision in this case have been previously decided adversely to the plaintiff by the majority of this court in *Gorham v. Swanson*, 253 Or 133, 453 P2d 670 (1969), and in *Cogburn v. Roberts Supply Co.*, 256 Or 582, 475 P2d 67 (1970).