Argued April 2, affirmed July 19, 1973

# TIDYMAN, *Appellant, v.* INDUSTRIAL AIR PRODUCTS CO., *Respondent.*

512 P2d 792

*Carlton W. Hodges,* Portland, argued the cause for appellant. With him on the briefs were Bernard, Hurley, Hodges & Kneeland, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief were Clarence R. Wicks, and Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiff filed this action for personal injuries sustained while working on defendant's premises. Both plaintiff's employer and the defendant were employers subject to the provisions of the Workmen's Compensation Act. By a supplemental answer the defendant raised the defense of joint supervision and control

under ORS 656.154. The trial court entered findings of fact and conclusions of law in favor of defendant on the supplemental answer. Plaintiff appeals.

Defendant manufactures, stores and sells liquid and compressed gas for industrial and medical use. Plaintiff's employer, McCulloch & Sons, fabricates new steel tanks and also repairs and welds existing tanks. A large tank, 18 feet in diameter and 75 to 100 feet in length, used for storing oxygen, developed a leak, and defendant contracted with plaintiff's employer to repair and weld the tank.

The defendant agreed to purge the tank, construct a scaffolding, provide welding equipment including a torch, and provide a helper to assist McCulloch's employees in repairing the tank. McCulloch agreed to fabricate a flange and a steel plate to cover the leak and to provide employees to do the work.

By December 5, 1969, purging had been done and the scaffolding on the tank completed. The defendant brought welding equipment to the tank area and arrangements were made for the helper to assist McCulloch's employees. Early the next morning plaintiff and a fellow employee arrived to start the repair work. Several of defendant's employees were in the general area. Plaintiff's co-worker decided that the tank was unsafe to work upon and departed for McCulloch's plant to obtain a cleat and angle iron to attach to the tank for better footing. Plaintiff used a blow torch to melt some ice that had formed near the manhole on the tank, and a fire started in the tank from oxygen that had not been completely purged by defendant. Plaintiff was injured from the flames.

The trial court found that plaintiff's claim was

barred because both employers had joint supervision and control of the premises under ORS 656.154, which states, in pertinent part:

"656.154 Injury due to negligence or wrong of a person not in the same employ as injured workman; remedy against such person. (1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

■■ Plaintiff contends that the tank where the accident occurred does not constitute premises under the statute, ORS 656.154 (2), apparently for the reason that none of defendant's employees were assisting with the actual repairs at the time. It is not necessary that one or more of defendant's employees be standing shoulder to shoulder with plaintiff or his co-workers at the time of the accident. It is sufficient if there is an operational commingling of the employees of the two employers. *Pruett v. Lininger,* 224 Or 614, 356 P2d 547 (1960). Here that was clearly the case, with employees of both employers at the defendant's plant at the time of the accident, and with one of the de-

fendant's employees assigned to assist the plaintiff and his co-worker on the tank.

■ The plaintiff also argues that even if we find that the tank constituted premises within the meaning of the statute, there is no showing that both employers had joint supervision and control over the premises. The plaintiff offers as an analogy a case where a plumber or other repairman comes to the home to make repairs and is injured by the owner's negligence. This is not such an ordinary repair case in which the owner stands by while repairs are being made. Rather, this is a cooperative arrangement in which both the owner's employees and the repair crew were working together toward the accomplishment of a common purpose.

In *Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961), we stated that the statute does not require that the defendant "have actual control over the specific activity which was the immediate cause of the plaintiff's injury." 225 Or at 546. Also, in *Bass v. Dunthorpe Motor Trans.,* 258 Or 409, 484 P2d 319 (1971), we held that it is each employer's control of the activities of his employees on a common premises that combine to produce "joint supervision and control." In this case, the defendant was cooperating in the repairs by purging the tank, erecting a scaffolding for plaintiff and his co-worker to use on the tank, and providing a torch, welding equipment and a helper for the repair crew. The plaintiff's employer was in control of his employees with respect to the manner of installation of the steel plate on the tank. Each employer had control of his employees and thus both were exercising joint supervision and control over the premises.

We agree with and adopt the following statement from the opinion of the trial court:

"Based upon the foregoing facts, it is, in my opinion, inescapable that defendant and its employees and McCulloch and its employees were at the time of plaintiff's injuries engaged in the accomplishment of the same or related purposes in operation—the repair of defendant's defective tank. The employees of both employers undertook to perform component parts of that single undertaking. Defendant's employees did or were to do the following:

"1. Purge the tank

"2. Erect necessary staging

"3. Provide welding equipment

"4. Recheck the purging operation before welding commenced

"5. Provide a helper

"McCulloch's employees were to weld the flange and plate, they had previously manufactured, to the tank. The need to melt ice on the tank was an unexpected activity, but it was nevertheless an integral part of the operation. When plaintiff was injured, he was working on premises over which his employer and the defendant had joint supervision and control within the meaning of ORS 656.154. Since both employers were subject to the Workmen's Compensation Law, defendant must prevail upon its supplemental answer. * * *"

Affirmed.

TONGUE, J., specially concurring.

I concur in the result of the majority opinion, but solely for the reason that the basic issues presented for decision in this case have been previously decided adversely to the plaintiff by the majority of this court in previous cases, including *Bass v. Dunthorpe Motor*

*Trans.,* 258 Or 409, 484 P2d 319 (1971), and *Deitz v. Savaria, Smith,* 260 Or 538, 491 P2d 620 (1971), among others.