Argued February 5, affirmed February 27, 1975

GREEN, *Appellant, v.* SHELL OIL COMPANY,
*Respondent.*

532 P2d 224

*James W. Walton* of Ringo, Walton, & Eves, Corvallis, argued the cause and filed the briefs for appellant.

*John S. Sihler* of Thwing, Atherly & Butler, Eugene, argued the cause and filed a brief for respondent.

HOLMAN, J.

Plaintiff brought an action for damages for injuries suffered while at work which were allegedly caused by the negligence of defendant's employee. Both plaintiff's employer and defendant were subject to the Workmen's Compensation Law. Defendant filed a supplemental answer, contending that plaintiff's claim came within the joint supervision and control provision of ORS 656.154. Trial before the court was on the supplemental answer and the court found that plaintiff could not recover because defendant, at the time of plaintiff's injury, was on premises over which

defendant had joint supervision and control with plaintiff's employer.

ORS 656.154 provides:

> "Injury due to negligence or wrong of a person not in the same employ as injured workman; remedy against such person. (1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person *if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman* and was an employer subject to ORS 656.001 to 656.794 [Workmen's Compensation Law].

> "(2) As used in this section, *'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.*

> "* * * * *." (Emphasis ours.)

Defendant's tractor and trailer were being operated on a public highway by its employee Hays when some lugs failed in a wheel of the trailer. Hays operated the disabled equipment off the highway and in to a service station where he parked it in an unoccupied area. He called defendant concerning his difficulty who, in turn, contacted plaintiff's employer, requesting the repairs be made.

Plaintiff and another employee were dispatched to the scene by their employer to make the repairs. They jacked the trailer up and commenced to remove

the wheel. The equipment had air brakes and after it was parked for a considerable period of time the brakes could not be released until the motor was started, thereby putting air back into the braking system. It was necessary to unlock the brakes in order to remove a portion of the wheel and, at plaintiff's request, Hays started the motor. Upon hearing there was air in the braking system, plaintiff went under the trailer to complete the repairs. At that time the trailer moved off the jack and plaintiff was injured. Plaintiff contends that Hays' negligence caused the equipment to move off the jack.

■ Plaintiff first contends that ORS 656.154 has no application because a truck stop adjacent a highway does not meet the test of "premises." The meaning of "premises" under subsection (2) of the statute is the place where the employees of the two employers are engaged in the furtherance of a common enterprise. Insofar as this court is aware, there have never been any limits placed on the location of "premises" and all that has been required is for the employees of two employers to be engaged at a particular location in the furtherance of a common enterprise. Illustrative of locations in which employees have been found to be engaged in a common enterprise are: *Bass v. Dunthorpe Motor Trans.,* 258 Or 409, 484 P2d 319 (1971) (a school bus being operated on a public highway); *Layton v. Leep Logging,* 247 Or 580, 430 P2d 1008 (1967) (a logging dump located partially upon public land); *Shoemaker v. Johnson,* 241 Or 511, 407 P2d 257 (1965) (a collision between two trucks on a highway construction job).

■ Plaintiff next contends the employees of the respective employers were not engaged in the further-

ance of a common enterprise because plaintiff and his helper were the sole persons engaged in the repair of the trailer and Hays' activities were not necessary but merely coincidental in time. Plaintiff stresses that his helper was completely capable of doing that which plaintiff requested Hays to do and that Hays was not engaged in repairing the wheel.

Both employers were interested in getting the wheel repaired. It was necessary to operate the truck to repair the wheel. Hays was responsible for the operation of the truck and was more familiar with its operation than plaintiff's helper. It is irrelevant that plaintiff's helper could also operate trucks. He did not, in fact, operate this truck and it would have been unusual for him to have done so while Hays was present. As would be expected, the operator of the truck and the repairman were cooperating in getting the job done. It appears to us that all employees were engaged in a common enterprise in which the employers were interested.

In *Counts v. Wakefield*, 261 Or 11, 492 P2d 278 (1971), defendant's employee was unloading a load of logs at a log dump. Plaintiff's decedent was waiting to dump his load of logs. Defendant's employee and an employee of the logging dump were having difficulty unloading when plaintiff's decedent went to their aid and was injured. The plaintiff contended that

"* * * in the present case there was not 'a *necessary* integration of tasks' between the decedent and the defendant; the assistance of the decedent was not 'an *integral* or pre-planned part of the enterprise.' The intermingling of decedent and defendant's employee was 'fortuitous or chance.'" 261 Or at 13.

This court rejected the argument and held that the plaintiff's decedent and defendant's employee were engaged in a common enterprise. It said:

> "We hold that these facts do not distinguish this case from our past decisions holding the death did occur on premises over which the decedent's employer and the defendant have joint supervision and control and they are engaged in a common enterprise.

> "In the following cases the injured or deceased employee was not engaged in a task which was necessary or integral to the operation: Shoemaker v. Johnson, 241 Or 511, 407 P2d 257 (1965); Gorham v. Swanson [253 Or 133, 453 P2d 670 (1969)]; Cogburn v. Roberts Supply Co., 256 Or 582, 475 P2d 67 (1970). We nevertheless held that the employee or his beneficiary was barred from bringing a damage action * * *." 261 Or at 13.

Of a vast welter of cases, the only case from which plaintiff gets any solace is *Hensler v. City of Portland,* 212 Or 28, 318 P2d 313 (1957). In this case plaintiff was part of a crew which was finishing inside construction on a boat while it was being launched by defendant with whom plaintiff's employer, the boat builder, had contracted for that purpose. During the launching, while plaintiff was working inside the boat, the boat was dropped from the slings of a crane and plaintiff was injured. Sometime prior thereto, plaintiff, at defendant's request, had placed some blocks under the slings in order to protect paint on the boat. This court held that the workmen were not engaged in a common enterprise and that the building of the boat and its launching were separate undertakings in which the parties were not mutually engaged. We do not believe *Hensler* requires a different result in this case.

■ Plaintiff also contends there was an absence of joint supervision and control since plaintiff was in charge of the work and Hays was not. This court has never required that each employer have actual overall supervision of the work, *Thomas v. Foglio*, 225 Or 540, 546, 358 P2d 1066 (1961), but only that each has control of its employees and that the respective employees be component parts of a general undertaking on a common premises. *Tidyman v. Industrial Air Prod. Co.*, 266 Or 170, 174, 512 P2d 792 (1973).

The judgment of the trial court is affirmed.

TONGUE, J., specially concurring.

I concur in the result of the majority opinion, but solely for the reason that the basic issues presented for decision in this case have been previously decided adversely to the plaintiff by the majority of this court in previous cases, including *Tidyman v. Industrial Air Prod. Co.*, 266 Or 170, 512 P2d 792 (1973); *Bass v. Dunthorpe Motor Trans.*, 258 Or 409, 484 P2d 319 (1971); and *Deitz v. Savaria, Smith*, 260 Or 538, 491 P2d 620 (1971), among others.