Argued June 11, affirmed June 24, 1976

# RADKE, *Appellant,*
## *v.*
# BROPHY, *Respondent.*

551 P2d 439

*Nathan J. Heath,* Portland, argued the cause for appellant. With him on the brief were Richard D. Senders, and Heath, Rae & Senders, Portland.

*William L. Hallmark,* of Jones, Lang, Klein, Wolf & Smith, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and O'Connell, Holman, and Bryson, Justices.

HOLMAN, J.

**HOLMAN, J.**

Plaintiff brought an action for damages resulting from personal injuries caused by an employee of defendant. Defendant and plaintiff's employer were both covered under the Workmen's Compensation Act. By way of supplemental answer, defendant raised the joint control and common enterprise defense provided for in ORS 656.154.[1] After trial on this separate issue, judgment was entered for defendant. Plaintiff appeals.

Defendant manufactures, sells and services hydraulic jacks designed to raise and lower camper units on pickup trucks. Plaintiff was the president and an employee of Radke Enterprises, Inc., which operated a Western Auto franchise. Plaintiff through his business ordered a set of jacks from defendant for a friend, to whom plaintiff sold the jacks at a wholesale or discount price. Plaintiff had had no previous business with defendant except to buy a set of jacks for his own use.

Plaintiff offered to help install the jacks at the friend's home as a friendly gesture and without charge. The jacks did not function properly and plain-

---

[1] ORS 656.154. "Injury due to negligence or wrong of a person not in the same employ as injured workman; remedy against such person. (1) *If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person.* However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"(3) No person engaged in pickup or delivery of any goods, wares or merchandise to or from the premises of any employer other than his own shall be deemed to have joint supervision or control over the premises of a third party employer."

All but the italicized portion of the statute was deleted by Oregon Laws 1975, ch 152, § 1.

[ 417 ]

tiff called defendant, requesting that he be notified of the time of the repairs by defendant so he could be present. Defendant sent to the home of plaintiff's friend an employee who made the repairs and then called plaintiff.

When plaintiff arrived he asked defendant's employee to operate the jacks to be sure they worked properly. The employee operated the controls to raise the camper while plaintiff helped to demonstrate to his friend how the jacks worked. The camper, upon being lowered, started to fall; plaintiff was injured while attempting to prevent the fall.

Plaintiff first contends there was no joint supervision and control of the premises where the accident occurred because, as an observer, he was not actively engaged in the work at hand. He argues that there was no operational commingling because, not being engaged in the work, he did not have the ability to affect the working conditions that were present. Plaintiff also contends that the respective employers were not engaged in the furtherance of a common enterprise since no joint purpose was being fostered by them.

Plaintiff admitted in his pleadings that at the time of the accident he was acting in the course of his employment and that he was assisting defendant's employee in adjusting and testing the jacks. He was granted workmen's compensation for his injury. He testified he was present to see if the unit was working satisfactorily for his friend and whether the jacks were a good product, as well as to determine the kind of service that defendant provided. There was testimony from which the trial judge could find that (1) the camper had shifted slightly on the initial lift; (2) plaintiff had leaned against the camper to steady it while it was being lowered by defendant's employee; (3) plaintiff had afterwards helped defendant's employee in repositioning the footings for the jacks; and (4) it was when the camper was again raised and lowered that the accident occurred.

Under these circumstances there was evidence sufficient for the trial court to find that plaintiff had the ability to affect the working conditions there present and that he was actively engaged with defendant's employee in the furtherance of a common enterprise, the satisfaction of the ultimate consumer of defendant's product, albeit that consumer was plaintiff's friend. It was also to the employers' mutual interest that plaintiff satisfy himself as to the quality of defendant's product and service. *Deitz v. Savaria, Smith,* 260 Or 538, 542-43, 545-46, 491 P2d 620 (1971); *Bass v. Dunthorpe Motor Trans.,* 258 Or 409, 414-15, 484 P2d 319 (1971).

The judgment of the trial court is affirmed.