METCALF, *Appellant,*
*v.*
CASE et al, *Defendants,*
COBB, *Respondent.*
(No. 34-617, SC 24671)

METCALF, *Appellant,*
*v.*
CASE et al, *Defendants,*
COBB, *Respondent.*
(No. 34-618, SC 24672)

565 P2d 736

Jeffrey M. Batchelor, Portland, argued the cause for appellants. With him on the briefs was Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. With him on the brief was Schwenn, Bradley & Batchelor, Hillsboro.

Before Holman, Presiding Justice, and Howell, Lent, and Tompkins, Justices.

HOLMAN, J.

## HOLMAN, J.

Upon appeal these cases resolve themselves into a third party claim for damages for personal injuries against only the defendant Cobb. Plaintiff was covered by workmen's compensation through her employer, Mill Conversion Contractors, Inc. (Mill). She claims she was injured while at work by the negligence of the employees of Cobb, who was also a complying employer under the Workmen's Compensation Law.

Cobb interposed two defenses by supplemental answer: (1) Plaintiff's employer, Mill, and Cobb were both complying employers who had "joint supervision and control" over the premises upon which plaintiff and Cobb's employees were working at the time of plaintiff's injury, and plaintiff's third party claim was therefore barred by the provisions of ORS 656.154; and (2) Cobb was an employee of Mill, as was plaintiff, and plaintiff's third party claim was therefore barred by the "exclusive remedy" provision of ORS 656.018. Both defenses were tried before the trial court which upheld them and entered judgment for Cobb.[1] Plaintiff appeals, claiming there is no evidence to sustain either defense.

Plaintiff's husband brought an action against Cobb for loss of consortium, and the above defenses were also interposed and upheld in his case at a combined hearing of the two cases. The cases have also been joined for the purpose of appeal. For convenience, this opinion is written as if Mrs. Metcalf were the sole plaintiff, whereas, in fact, it is dispositive of identical issues in her husband's case as well.

There is no substantial dispute in the evidence. Mill owned a ten-acre filbert orchard which was laid out in a rectangular shape. It desired to put a road across the width of the orchard, thereby dividing it into separate

---

[1] Although plaintiff contended at trial that Cobb was not entitled to plead the second defense by way of supplemental answer, she has not raised the issue upon appeal.

halves north and south, and to build an office building and warehouse on part of the north half. Mill entered into an oral agreement with Cobb for Cobb to furnish men and equipment at hourly rates to do such work as Mill should direct in building the road and in preparing the building site. Cobb was also to furnish the rock for the road. Either party could terminate the arrangement at any time without regard to whether the work was completed. The equipment was composed primarily of a bulldozer and a grader. Although Mill was its own contractor, it apparently relied upon the expertise of Cobb's foreman to accomplish the work properly, since Mill's representative at the job site was not shown to have had any particular expertise in the type of work the men and equipment were to perform. Mill, however, designated the location of the project and the work that was to be accomplished and could have directed the manner in which such work was to be executed had it so desired. Cobb paid the workmen he furnished, made the necessary withholdings from their wages, and had them covered by workmen's compensation.

The work entailed the removal of the filbert trees which covered the site designated for the road and buildings. The filberts were ready to be harvested and Mill decided to harvest them before the trees were removed. Plaintiff was a member of a filbert harvesting crew hired by Mill. The filbert harvesters were directed to gather first the nuts from the trees which were to be removed, and this harvesting had progressed a day or two when Cobb's men appeared on the scene. The harvesting crew continued to work ahead of Cobb's men until all the nuts were gathered from the trees which were to be removed, and then worked elsewhere in the orchard without regard to the project in which Cobb's men and equipment were involved.

Plaintiff was injured four or five days after the harvesting crew had completed gathering the nuts upon the area designated to be the road and building

site. She and the crew were working on the south half of the orchard on which no work by Cobb's men and equipment was contemplated. Mill stored the harvested filberts in a barn on a neighbor's property north of the orchard. It also kept on the neighbor's property a tractor and trailer which were used to transport the sacks of harvested filberts to the barn. Because the construction site was between the barn and that part of the orchard from which the nuts were then being harvested, it was not unusual for members of the harvesting crew to pass over the construction site on their way to and from the barn. At the end of the day in question, plaintiff had accompanied her son to secure the tractor and trailer with which to haul the day's accumulation of filberts to the barn. On the return trip, as plaintiff's son was driving the tractor and plaintiff was sitting upon the trailer, they ran over a ditch, allegedly dug by Cobb's men without warning of its existence and in a manner which obscured its location. As a result of the jolt to the trailer caused by its striking the ditch, plaintiff's spine received injuries which are the basis of her claim for damages.

■ The elements of the defense provided for in ORS 656.154[2] are set forth in *Bass v. Dunthorpe Motor*

---

[2] At the time of the accident, October 1972, ORS 656.154 provided, as follows:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"* * * * *."

*Trans.,* 258 Or 409, 411-12, 484 P2d 319 (1971), as follows:

> "* * * [T]he defendant must show (1) that he was an employer subject to the Workmen's Compensation Act; (2) that he or his workmen causing injury had joint supervision and control with the injured workman's employer of the premises on which the injury occurred; and (3) that he and the injured workman's employer were engaged in the furtherance of a common enterprise or in the accomplishment of the same or related purposes in operation, which means that the injured workman must have been working with the employees of the tort feasor in a common activity and exposed to the hazards created by such mutual engagement of the employers. [Citations.]"

It is our opinion that the third requirement is missing here. At the time of the accident, the harvesting crew and Cobb's men were not engaged in the furtherance of a common enterprise or in the accomplishment of the same or related purposes of operation as contemplated by the statute. Although it could be argued that Cobb's men and the harvesting crew were engaged in the furtherance of a common enterprise during the time the latter group was gathering the nuts located on the sites for the road and the buildings, the same cannot be argued following completion of such harvesting on the construction sites when the efforts of the two groups of employees were being directed toward entirely different objectives bearing no relationship to a common enterprise or to each other.

Insofar as Cobb's second defense involving ORS 656.018[3] is concerned, it can be argued that there is

---

[3] "Effect of providing coverage; exclusive remedy. (1) Every employer who satisfies the duty required by subsection (1) of ORS 656.017 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"(2) The rights given to a subject workman and his beneficiaries

evidence that the men furnished by Cobb were employees of Mill for the purposes of the compensation act. However, that is not the issue raised by the pleadings. The contention is that *Cobb himself* was an employee of Mill. There is no evidence from which a factfinder could come to such a conclusion. Cobb was an entrepreneur engaged in the furnishing of equipment and men with expertise for a price. His arrangement with Mill's representative was made over the telephone. At no time was he ever on the construction site.

■ Cobb relies on *Woody v. Waibel,* 276 Or 189, 554 P2d 492, *rev'g* 24 Or App 341, 545 P2d 889 (1976), and *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947). In both cases a logging truck owner and operator was paid by the quantity of logs hauled, and the issue was whether he was an employee or an independent contractor for the purposes of the compensation act. Although these cases held that the trucker was an employee, they have no application here. Cobb personally performed no work; he was engaged in a separate business, and, pursuant to that business, he furnished men and equipment at a set hourly fee. It will ultimately be determined for the purposes of this action whether Cobb's men were employees of Mill and whether Cobb had any *respondeat superior* liability for the men's negligence, if any, in the performance of their work for Mill; but, under the evidence here, Cobb himself could not be an employee of Mill.

for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the workman's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the workman is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury.

"(3) The exemption from liability given an employer under this section is also extended to the employer's insurer, the board, and the employes, officers and directors of the employer, the employer's insurer and the board except that the exemption from liability shall not apply:

"* * * * *"

The judgments of the trial court are reversed and the cases are remanded for further proceedings.[4]

---

[4]Plaintiff's husband also contended upon appeal that the two defenses considered here could not be defenses to his claim for loss of consortium. It is unnecessary to decide that question here, since we have held neither defense applicable in any event.