Argued and submitted December 20, 1993, affirmed February 23, petition for review allowed May 10, 1994 (319 Or 80)

Edwin M. ERRAND,
*Appellant,*

*v.*

CASCADE STEEL ROLLING MILLS, INC.,
an Oregon corporation,
*Respondent.*

(CV91283; CA A80487)

869 P2d 358

Sharon Stevens argued the cause for appellant. With her on the brief was Callahan and Stevens.

Ronald W. Atwood argued the cause for respondent. With him on the brief was Brad G. Garber.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff worked at defendant's steel manufacturing plant. He has chronic infectious paranasal sinusitis, a pre-existing condition that predisposes him to experience airway irritation. During his employment with defendant, plaintiff suffered transient irritation of the upper respiratory tract and a bout of paranasal sinusitis as a result of inhalation of substances found in his workplace. Plaintiff is a subject worker and defendant is in compliance with the Workers' Compensation Law, ORS chapter 656. Plaintiff sought medical treatment and filed a workers' compensation claim. Pursuant to ORS 656.802, the Workers' Compensation Board held that plaintiff was required to show that his employment was the major contributing cause of his condition or its worsening. The Board concluded that, although plaintiff's symptoms were caused by his employment, the symptoms were not the disease, and plaintiff's work exposure had not caused or worsened his chronic infectious paranasal sinusitis. Accordingly, it held that plaintiff had not established a compensable occupational disease.

Plaintiff did not seek judicial review of the Board's order. Instead, he filed this complaint against defendant in the circuit court, alleging statutory and negligence claims and seeking damages for economic losses, past and future medical bills, lost wages and impairment of earning capacity. The trial court granted defendant's motion for summary judgment, on the ground that plaintiff's exclusive remedy was under the Workers' Compensation Law and that defendant is immune from liability under ORS 656.018.

Plaintiff argues on review:

"The rulings of the workers' compensation hearings referee and the Workers' Compensation Board that plaintiff's exposure to respiratory irritants at his work place is a noncompensable injury or condition mean that plaintiff's exposure and resulting injury and disability is [sic] not exclusively a workers' compensation matter. Plaintiff's recourse now lies outside of the workers' compensation law and issues of material fact were properly before the circuit court.

"* * * * *

"The workers' compensation laws concerning occupational exposures were designed to exclude certain types of

conditions or symptomatology from coverage under the workers' compensation law, even though certain conditions or symptoms are proven to be work-connected. ORS 656.802(2). This is the key in this case: *The condition suffered by the plaintiff and for which plaintiff seeks damages from the defendant is a condition not covered by the Workers' Compensation Act.*

"* * * * *

"Because plaintiff's airway irritation has been determined not to be covered by the workers' compensation statutes, and because the airway irritation is the result of inhalation of substances found in his work place, plaintiff has a direct action against defendant." (Emphasis plaintiff's.)

The gist of plaintiff's argument is that, because his condition does not entitle him to benefits under the Workers' Compensation Law, he may seek civil damages outside of the workers' compensation system.

■    ORS 656.018 provides, in part:

"(1)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability *arising out of compensable injuries* to the subject workers * * *.

"(2)   The rights given to a subject worker and the beneficiaries of the subject worker *for compensable injuries* under this chapter are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury." (Emphasis supplied.)

The statute expresses the dual nature of the exclusivity of the Workers' Compensation Law: the exclusivity of the employer's liability, ORS 656.018(1), and the exclusivity of the worker's rights, ORS 656.018(2). With certain exceptions not involved here, if the Workers' Compensation Act is applicable, and if the employer has satisfied its obligation to comply with the requirements of the Act, then the employer's liability to the worker for the worker's work-related injury or condition is exclusively under the Act, *and* the Act is also the exclusive remedy for the injured worker. That is one part of the *quid pro quo* that underlies our workers' compensation

system; the other part requires the employer to assume liability for work-related injuries without fault.

Focusing on the emphasized language of ORS 656.018, plaintiff asserts that its provisions for exclusivity do not apply, because he is not entitled to compensation for his condition:

> "Since it has been ordered that plaintiff's case concerns a work-related exposure, but not an exposure recognized as a compensable workers' compensation claim covered by the workers' compensation law, plaintiff has a direct action for his alleged work-related disease or injury, and is not barred by the exclusivity provision of ORS 656.018 from maintaining this lawsuit."

■■ We reject that reading of the statute. The exclusivity of the Act is not limited to claims that are ultimately determined to be compensable. As the Supreme Court said in *Reynolds et al v. Harbert et al*, 232 Or 586, 591, 275 P2d 245 (1962),

> "the statutory scheme was intended to provide that a workman covered by Chapter 656 must accept the benefits thereof *as his exclusive remedy* * * *." (Emphasis supplied.)

Despite the changes to ORS chapter 656 since 1962, the policy behind the Supreme Court's decision in *Reynolds* remains the same. If the employer and the worker are subject to the Act, then the Act provides the worker's exclusive remedy for work-related injuries. If, under the Act, no compensation is available for the work-related injury, then the worker has no other remedy against the employer. *Compare Carr v. U S West Direct Co.*, 98 Or App 30, 35, 779 P2d 154, *rev den* 308 Or 608 (1989) (no causal link shown between injury and risk connected with employment).

Plaintiff relies on *Hubbard v. Reynolds Metals Company*, 482 F2d 63 (9th Cir 1973), to support his view that a common law or statutory claim may lie for a condition that is not within the "coverage" of the Act. We would agree with that general proposition, although we would use different words to describe it. 2A Larson, *Workmen's Compensation Law* 12-1, § 65 (1993). If, for example, the person is not a subject worker, *see Metcalf v. Case*, 278 Or 629, 565 P2d 736 (1977), or if the injury or condition did not occur in the course

of employment, *see Sumner v. Coe*, 40 Or App 815, 596 P2d 617 (1979), then the person's *claim* is not within the scope of the Act, and the Act cannot be the person's exclusive remedy. Plaintiff's claim is within the Act because he is a subject worker and his condition is alleged to have been caused by his employment.

A judicial remedy is not available for plaintiff's claim based on work-related exposures, because plaintiff's exclusive remedy is under the Workers' Compensation Act. The trial court did not err in granting defendant's motion for summary judgment.

Affirmed.