Argued and submitted November 22, 1993, affirmed August 24, 1994

Helen Jean KRUSHWITZ,
Personal Representative of the
Estate of Matthew Allen Theurer,
*Appellant,*

*v.*

McDONALD'S RESTAURANTS
OF OREGON, INC.,
an Oregon corporation,
*Respondent,*

*and*

McDONALD'S CORPORATION,
a Delaware corporation,
*Defendant.*

(9104-02047; CA A73926)

880 P2d 483

Kathryn H. Clarke argued the cause and filed the briefs for appellants. With her on appellant's reply brief was Maureen Leonard.

I. Franklin Hunsaker argued the cause for respondent. With him on the brief were Douglas G. Houser, Ronald G. Stephenson, Ronald J. Clark and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Plaintiff, the personal representative of the estate of decedent Theurer, brought this wrongful death action against Theurer's employer, defendant McDonald's Restaurants.[1] The thrust of plaintiff's allegations is that defendant was negligent in allowing the young decedent to work long hours and then drive. As a result, he drove his vehicle on the way home from work without adequate rest, fell asleep at the wheel and was killed in an accident. Defendant moved to dismiss the action on the ground that it is immune from the tort claim and that plaintiff's exclusive remedy is under the Workers' Compensation Law. The trial court granted the motion. Plaintiff appeals, and we affirm.

ORS 656.018 provides, in pertinent part:

"(1)  The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability *arising out of compensable injuries* to the subject workers * * *.

"(2)  The rights given to a subject worker and the beneficiaries of the subject worker *for compensable injuries* under this chapter are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 and 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury." (Emphasis supplied.)

ORS 656.005(7)(a) defines "compensable injury" as one "arising out of and in the course of employment."

Defendant argued to the trial court that ORS 656.018 immunizes it for two reasons. First, it contends that the statute applies "because the alleged negligence of [defendant] was based solely on the employer-employee relationship between [defendant] and Theurer." Second, defendant asserts that the fatal injury itself is compensable under the Workers' Compensation Law, because Theurer was on a "special errand" for defendant at the time of the accident, and was thus excepted from the "going and coming" rule,

---

[1] McDonald's Corporation is also a defendant, but it is not a party to this appeal, which involves only the ORCP 67B judgment in favor of McDonald's Restaurants. We use the term "defendant" to refer only to the latter.

under which injuries sustained by employees on the way to or from work are generally not compensable. The trial court agreed with the first argument, disagreed with the second, and granted the motion.

Although plaintiff's argument is more elaborately stated, it depends on a simple contention: The trial court held that Theurer was not on a special errand; he was accordingly within the going and coming rule; therefore, his death does not meet the "compensable injury" condition for immunity or exclusivity under ORS 656.018.

We recently addressed a similar argument in *Errand v. Cascade Steel Rolling Mills, Inc.*, 126 Or App 450, 869 P2d 358, *rev allowed* 319 Or 80 (1994). The plaintiff there filed a workers' compensation claim, contending that his employment was the major contributing cause of a respiratory condition. The Workers' Compensation Board ruled against him, and the plaintiff then brought an action in circuit court, seeking damages against the employer for the same condition. The trial court granted summary judgment for the employer, on the ground that ORS 656.018 barred the action.

The plaintiff appealed. We summarized his contention:

"The gist of plaintiff's argument is that, because his condition does not entitle him to benefits under the Workers' Compensation Law, he may seek civil damages outside of the workers' compensation system." 126 Or App at 453.

We rejected that argument, explaining:

"The exclusivity of the Act is not limited to claims that are ultimately determined to be compensable. As the Supreme Court said in *Reynolds et al v. Harbert et al*, 232 Or 586, 591, 275 P2d 245 (1962),

" 'the statutory scheme was intended to provide that a workman covered by Chapter 656 must accept the benefits thereof *as his exclusive remedy* * * *.' (Emphasis supplied.)

"Despite the changes to ORS chapter 656 since 1962, the policy behind the Supreme Court's decision in *Reynolds* remains the same. If the employer and the worker are subject to the Act, then the Act provides the worker's exclusive

remedy for work-related injuries. If, under the Act, no compensation is available for the work-related injury, then the worker has no other remedy against the employer. *Compare Carr v. U S West Direct Co.*, 98 Or App 30, 35, 779 P2d 154, *rev den* 308 Or 608 (1989) (no causal link shown between injury and risk connected with employment)." 126 Or App at 454.

We also noted:

"Plaintiff relies on *Hubbard v. Reynolds Metal Company*, 482 F2d 63 (9th Cir 1973), to support his view that a common law or statutory claim may lie for a condition that is not within the 'coverage' of the Act. We would agree with that general proposition, although we would use different words to describe it. 2A Larson, *Workmen's Compensation Law* 12-1, § 65 (1993). If, for example, the person is not a subject worker, *see Metcalf v. Case*, 278 Or 629, 565 P2d 736 (1977), or if the injury or condition did not occur in the course of employment, *see Sumnee v. Coe*, 40 Or App 815, 596 P2d 617 (1979), then the person's *claim* is not within the scope of the Act, and the Act cannot be the person's exclusive remedy. Plaintiff's claim is within the Act because he is a subject worker and his condition is alleged to have been caused by his employment." 126 Or App at 454-55. (Emphasis in original.)

Although plaintiff's argument differs from the one in *Errand* in some particulars, it shares the threshold misconception that actual compensation for an injury, rather than the work relationship of the injury, is the relevant consideration. That is the same point that we rejected in *Errand*.

Here, plaintiff's argument goes beyond that point. She asserts that Theurer's fatal injuries were subject to the going and coming rule as a matter of law, and therefore were not incurred "in the course of employment" and are not compensable as a matter of law. Plaintiff cites the definition of "compensable injury" in ORS 656.005(7)(a), and states that the "statute is in the conjunctive: the injury must 1) arise out of, *and* 2) *in the course of employment*." (Emphasis plaintiff's.) However, the Supreme Court has rejected that bifurcated application of the statute. In *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980), the court explained that the phrases "arising out of" and "in the course of" do not establish distinct tests, and it adopted "a unitary 'work-connection' approach in place of the customary mechanistic

two-stage method of analysis." 289 Or at 643. The court proceeded to hold that the death of an employee from a myocardial infarction was compensable because, although the precipitating events and stress fell on a continuum, some related to and some remote from the employee's work, they were on balance "causally related to his work." 289 Or at 644.

In *Cope v. West American Ins. Co.*, 309 Or 232, 785 P2d 1050 (1990), the court applied the unitary work-connection analysis to a claim involving the going and coming rule, and noted that there are many exceptions to the rule. Among them, the court said, is that "if an employee is subjected by reason of her employment to a greater hazard than the general public, an injury sustained while going to work may be compensable." 309 Or at 238.

Most recently, in *Norpac Food, Inc. v. Gilmore*, 318 Or 363, 867 P2d 1373 (1994), the Supreme Court again addressed the application of the unitary approach in the context of the going and coming rule and the so-called "parking lot" exception. The court said that the "arising out of" prong and the "in the course of" prong must both be considered, with neither being dispositive. The first prong relates to the causal connection of the injury and work, and the second relates to the "time, place and circumstances of the injury." 318 Or at 366.

In this case, however, the causal inquiry and the time, place and circumstances inquiry overlap. Plaintiff's allegations are that Theurer's fatal injuries were caused by defendant's negligence in allowing him to work excessively and then, despite his fatigued condition, in failing to "arrange for alternative transportation for him other than a self-driven automobile." Clearly, those allegations show the necessary causal connection between work and the injury. They also indicate on their face that the necessary time, place and circumstances are present. The effect of the going and coming rule is normally to define travel to and from the worksite as being outside the scope of the time, place and circumstances of employment. *See Norpac Foods, Inc. v. Gilmore, supra*, 318 Or at 366. Correspondingly, the effect of the exceptions to the rule is to extend the work-related time, place and circumstances into what would normally be regarded as simple commuting under the rule itself. *See Henderson v. S.D.*

*Deacon Corp.*, 127 Or App 333, 874 P2d 76 (1994). The exception that the complaint reveals on its face in this case is the one noted above that the court described in *Cope*: Theurer was subjected by his employment to a greater hazard than the traveling public generally confronts, and the hazard persisted throughout and excepted the entire trip from the going and coming rule. The same alleged negligence by the employer that caused the injury also made the drive hazardous, took it outside the going and coming rule and brought it within the time, place and circumstances of Theurer's employment. Therefore, plaintiff's allegations themselves disclose that there is sufficient connection here to show, under both the "arising out of" and the "in the course of" parts of the test, that the injury was compensable within the meaning of ORS 656.018. The trial court was correct in concluding that the action is barred by the statute.

Plaintiff next argues that the trial court's ruling deprived her of a remedy and conferred an unequal privilege on defendant, in violation of Article I, sections 10 and 20, of the Oregon Constitution. Plaintiff does not question that the statute may create an exclusive remedy and bar civil actions. However, she contends that the trial court's application of the statute goes beyond that and "provide[s] a bar where it does not provide a remedy." However, we have concluded that Theurer's death, under the facts plaintiff alleges, is compensable within the meaning of ORS 656.018, as the Supreme Court and we have interpreted it. Accordingly, the premise of plaintiff's constitutional arguments disappears.[2]

Plaintiff's remaining argument is that defendant took an inconsistent position in related litigation from the one it takes here, and should therefore be estopped from relying on its present arguments. Plaintiff's arguments in this appeal do not demonstrate an inconsistency.[3]

Affirmed.

---

[2] We do not imply that plaintiff's constitutional arguments might otherwise have merit. *See Neher v. Chartier*, 124 Or App 220, 862 P2d 1307 (1993), *rev'd on other grounds*, 319 Or 417, 879 P2d 156 (1994). We also do not imply that plaintiff could necessarily recover benefits. As in *Errand v. Cascade Steel Rolling Mills, Inc.*, *supra*, considerations that differ from those we have addressed might be dispositive of a workers' compensation claim.

[3] We imply no view concerning the other lawsuit. We decide this issue only on the basis of the merits of plaintiff's argument in this appeal.